UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VIANNA AUSTIN,

    Plaintiff,

vs.                                                                                  Case No. 3:06-cv-265-J-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 17) filed September 26, 2007. The Commissioner filed a response in opposition to the Petition, pointing out that the Petition was not timely filed. (Doc. 18). Accordingly, the matter is now ripe for judicial review.

This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits. (Doc. 16).

## A. Eligibility for Award of Fees

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the

Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

    1. Prevailing Party

The Judgment in this case (Doc. 16), filed on June 21, 2007, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

    2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99  F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on June 21, 2007 and the Petition was filed on September 26, 2007, ninety-seven days later.  Accordingly, the Petition was not timely filed.

As the Commissioner correctly points out, the time limit for requesting EAJA fees is not jurisdictional. Scarborough v. Principi, 541 U.S. 401, 413-14, 124 S. Ct. 1856, 1864 (2004) (holding that the requirements of EAJA are not "jurisdictional" but rather "concern[] a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary 'jurisdiction of the [civil] action' in which the fee application is made.") (quoting, §§ 2412(b) and (d)(1)(A)). As such, the time limitation is subject to equitable tolling.

The Supreme Court has determined that equitable tolling is extended sparingly and is reserved for situations such as when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58 (1990). Ordinarily, to apply equitable tolling, courts require "'some affirmative misconduct, such as deliberate concealment.'" Waller v. Commissioner of Social Sec., 168 Fed.Appx. 919, 921 (11th Cir. 2006) (quoting, Cabello v. Fernandez-Larios, 402 F.3d 1148, 1155 (11th Cir. 2005)). Further, the Supreme Court in Irwin noted that courts have been "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Id. (citing, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725 (1984)).

In the instant case, Plaintiff does not specifically address equitable tolling, however, she admits her Petition is late. The only excuse provided is that her attorney

contacted a paralegal at the office of the United States Attorney's office concerning consent to the petition on September 18, 2007, one day before the 90-day deadline. (Doc. 17, ¶1). Counsel for Plaintiff made three follow-up calls but never heard back and eventually filed the Petition on September 26, 2007. Id. As counsel for Plaintiff is aware, Local Rule 3.01(g) requires a moving party to confer with opposing counsel prior to filing a motion for attorney's fees and to include in the motion, a certification that the moving party conferred with opposing counsel and whether counsel agree on the resolution of the motion. Rule 3.01(g) further provides:

> A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

Local Rule 3.01(g), Local Rules of the United States District Court for the Middle District of Florida. Accordingly, the Rule provides that if a moving party cannot confer with opposing counsel, the party may file the motion and subsequently file a supplement as to whether opposing counsel agrees. Clearly, this is what counsel for Plaintiff should have done. Unfortunately, this situation is not the sort to which equitable tolling would apply. There has been no affirmative misconduct on the part of the Commissioner.[1] Instead, counsel for Plaintiff simply waited until the last moment to file her fee request and instead of filing the request prior to hearing back from opposing counsel, she waited

---

[1] The Court is rather surprised that Defendant opposed this motion as counsel for Plaintiff provided a copy of the motion to a paralegal with Defendant prior to the expiration of time for EAJA fees. As the deadline for EAJA fees is not jurisdictional, it is also subject to waiver and Defendant was not required to object to the untimeliness.

-5-

until seven days after the deadline to file the request.  In the future, the Court urges counsel to confer via telephone well in advance of the filing deadline in order to avoid future such occurrences.

As the Court finds the instant Petition is not timely filed and is not subject to equitable tolling, it is not required to consider the remaining factors regarding EAJA fees.  After due consideration, it is

**ORDERED AND ADJUDGED:**

Plaintiff's Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 17) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of October, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record